UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PLAINVILLE GENERATING CO., LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| DTE BIOMASS ENERGY, INC. and ) | Case No. 05-11210-GAO |
| PLAINVILLE GAS PRODUCERS, INC., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants DTE Biomass Energy, Inc. ("DTE Biomass") and Plainville Gas Producers, Inc. ("Plainville Gas") (collectively, "Defendants"), hereby answer Plaintiff's Complaint as follows:[1]

### I.    ADMISSIONS AND DENIALS

For their first defense to the allegations in Plaintiff's Complaint, Defendants state:

In response to the "Introduction" Paragraph of the Complaint, Defendants admit that Plaintiff purports to bring the instant action; but Defendants deny that such an action is appropriate and deny that Plaintiff has stated any claim upon which relief can be granted.

1.    In response to Paragraph 1 of Plaintiff's Complaint, Defendants admit that Plaintiff, Plainville Generating Co., LLC, ("Plaintiff"), has an address at 3 Belcher Street,

---

[1] Except to the extent expressly stated otherwise, Defendants have in this Answer responded to the allegations contained in Plaintiff's Complaint by reading the "shortened" terms (generally identified by the use of capital letters) used in those allegations consistent with Plaintiff's use of those terms; and, except to the extent expressly stated otherwise, if Defendants use such a term in this Answer, they intend it to have the same meaning as that attributed to that term by Plaintiff in its Complaint.

KC-1307621-1

Plainville, Massachusetts 02762; and Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

2.  Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.  Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.  In response to Paragraph 4 of Plaintiff's Complaint, Defendants admit that they share some of the same corporate officers; and Defendants deny the remaining allegations contained therein.

## JURISDICTION AND VENUE

5.  In response to Paragraph 5 of Plaintiff's Complaint, Defendants admit that a copy of a contract to which Plainville Gas is a party ("2002 Contract") is attached to Plaintiff's Complaint as Exhibit B; and Defendants deny Plaintiff's characterization of that document and all other allegations contained therein.

6.  Defendants admit the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.  Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.  Defendants admit the allegations contained in Paragraph 8 of Plaintiff's Complaint.

## FACTS

9.  In response to Paragraph 9 of Plaintiff's Complaint, Defendants admit that DTE Biomass was a party to certain contracts with Allied Waste Systems, Inc., dated December 30,

1995, and December 18, 1996, and that a copy of the December 18, 1996, contract (the "1996 Gas Rights Agreement") is attached to Plaintiff's Complaint as part of Exhibit A; and Defendants deny Plaintiff's characterization of those documents and all other allegations contained therein.

10. In response to Paragraph 10 of Plaintiff's Complaint, Defendants admit that Plaintiff operates an electricity generation facility in Plainville, Massachusetts, located adjacent to the Plainville Landfill; and that Defendants are without sufficient information to form a belief as to the truth of the remaining allegations contained therein and therefore deny the same.

11. Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. In response to Paragraph 13 of Plaintiff's Complaint, Defendants admit that Plainville Gas is a party to the 2002 Contract and that a copy of the 2002 Contract is attached to Plaintiff's Complaint as Exhibit B; and Defendants deny Plaintiff's characterization of that document and the other allegations contained therein.

14. In response to Paragraph 14 of Plaintiff's Complaint, Defendants admit that the 2002 Contract refers to the 1996 Gas Rights Agreement in Article 1.11 of the 2002 Contract; and Defendants deny all other allegations contained therein.

15. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendants deny Plaintiff's characterization of Article 5.3 of the 2002 Contract and all other allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendants deny Plaintiff's characterization of the 2002 Contract and all other allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22. Defendants deny Plaintiff's characterization of the 2002 Contract and all other allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. Defendants deny Plaintiff's characterization of the 2002 Contract and all other allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendants admit the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. Defendants deny the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. In response to Paragraph 38 of Plaintiff's Complaint, Defendants admit that on July 30, 2004, Curtis Ranger, President of both Defendants, met at Plaintiff's office next to the

Landfill in Massachusetts with representatives of Plaintiff; and Defendants deny all other allegations contained therein.

39. Defendants deny the allegations contained in Paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of Plaintiff's Complaint.

43. Defendants deny the allegations contained in Paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of Plaintiff's Complaint.

47. Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiff's Complaint and therefore deny the same.

48. In response to Paragraph 48 of Plaintiff's Complaint, Defendants admit upon information and belief that the Massachusetts Department of Environmental Protection sent

Allied a letter, a copy of which is attached to the Complaint as Exhibit D; and Defendants deny Plaintiff's characterization of that document and all other allegations contained therein.

49.     Defendants deny Plaintiff's characterization of that document and all other allegations contained in Paragraph 49 of Plaintiff's Complaint.

50.     Defendants deny Plaintiff's characterization of that document and all other allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.     Defendants deny Plaintiff's characterization of that document and all other allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     Defendants deny the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny the allegations contained in Paragraph 53 of Plaintiff's Complaint.

54.     Defendants deny the allegations contained in Paragraph 54 of Plaintiff's Complaint.

55.     Defendants deny the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     Defendants deny the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     Defendants deny the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.     In response to Paragraph 58 of Plaintiff's Complaint, Defendants admit that copies of June 22, July 6 and July 29, 2004, letters from Plaintiff to Plainville Gas are attached to

Plaintiff's Complaint as Exhibits E and J; and Defendants deny Plaintiff's characterization of those documents and all other allegations contained therein.

59. In response to Paragraph 59 of Plaintiff's Complaint, Defendants admit that a copy of a July 6, 2004, letter from Plaintiff to Plainville Gas is attached as part of Exhibit E to Plaintiff's Complaint; and Defendants deny Plaintiff's characterization of that document and all other allegations contained therein.

60. Defendants deny the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62. Defendants admit that the allegations contained in Paragraph 62 of Plaintiff's Complaint are substantially accurate.

63. In response to Paragraph 63 of Plaintiff's Complaint, Defendants admit that a copy of an August 19, 2004, letter from the President of both Defendants is attached to Plaintiff's Complaint as Exhibit F and that the quoted language is contained therein; and Defendants deny Plaintiff's characterization of that document and all other allegations contained therein.

64. Defendants deny the allegations contained in Paragraph 64 of Plaintiff's Complaint.

65. In response to Paragraph 65 of Plaintiff's Complaint, Defendants admit that a November 24, 2004, letter from Plaintiff's counsel to Mr. Ranger is attached to Plaintiff's Complaint as Exhibit G; and Defendants deny Plaintiff's characterization of that document and all other allegations contained therein.

66. In response to Paragraph 66 of Plaintiff's Complaint, Defendants admit that copies of letters dated December 20, 2004, and December 22, 2004, to Plaintiff's counsel are attached to Plaintiff's Complaint as Exhibits H and K; and Defendants deny Plaintiff's characterization of those documents and all other allegations contained therein.

67. Defendants deny the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68. Defendants deny the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69. Defendants deny the allegations contained in Paragraph 69 of Plaintiff's Complaint.

70. Defendants deny the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71. Defendants deny the allegations contained in Paragraph 71 of Plaintiff's Complaint.

72. In response to Paragraph 72 of Plaintiff's Complaint, Defendants admit that Exhibit G to Plaintiff's Complaint is a November 24, 2004, letter which purports to be a 93A Demand letter to Defendants; and Defendants deny Plaintiff's characterization of that document and all other allegations contained therein.

73. In response to Paragraph 73 of Plaintiff's Complaint, Defendants admit that Exhibit G contains the quoted language in Paragraph 73 of Plaintiff's Complaint; and Defendants deny Plaintiff's characterization of that document and all other allegations contained therein.

74. Defendants deny the allegations contained in Paragraph 74 of Plaintiff's Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of Plaintiff's Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of Plaintiff's Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81. In response to Paragraph 81 of Plaintiff's Complaint, Defendants admit that a copy of the Plainville Gas December 22, 2004, response to Plaintiff's purported 93A Demand Letter is attached to Plaintiff's Complaint as Exhibit H; and Defendants deny all other allegations contained therein.

82. In response to Paragraph 82 of Plaintiff's Complaint, Defendants admit that a copy of DTE Biomass's response to Plaintiff's purported 93A Demand Letter of December 22, 2004, is attached to Plaintiff's Complaint as Exhibit K; and Defendants deny all other allegations contained therein.

## AS TO COUNT I

83. In response to Paragraph 83 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 82, inclusive, of Plaintiff's Complaint, as set forth in Paragraphs 1 through 82 above.

84. Defendants deny the allegations contained in Paragraph 84 of Plaintiff's Complaint.

85. Defendants admit the allegations contained in Paragraph 85 of Plaintiff's Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of Plaintiff's Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of Plaintiff's Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of Plaintiff's Complaint.

## AS TO COUNT II

89. In response to Paragraph 89 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 88, inclusive, of Plaintiff's Complaint, as set forth in Paragraphs 1through 88 above.

90. Defendants deny the allegations contained in Paragraph 90 of Plaintiff's Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of Plaintiff's Complaint.

92. Defendants deny the allegations contained in Paragraph 92 of Plaintiff's Complaint.

93. Defendants deny the allegations contained in Paragraph 93 of Plaintiff's Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of Plaintiff's Complaint.

## AS TO COUNT III

95. In response to Paragraph 95 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 94, inclusive, of Plaintiff's Complaint, as set forth in Paragraphs 1 through 94 above.

96. Defendants deny the allegations contained in Paragraph 96 of Plaintiff's Complaint.

97. Defendants deny the allegations contained in Paragraph 97 of Plaintiff's Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of Plaintiff's Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of Plaintiff's Complaint.

## AS TO COUNT IV

100. In response to Paragraph 100 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 99, inclusive, of Plaintiff's Complaint, as set forth in Paragraphs 1 through 99 above.

101. Defendants deny the allegations contained in Paragraph 101 of Plaintiff's Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of Plaintiff's Complaint.

103. Defendants deny the allegations contained in Paragraph 103 of Plaintiff's Complaint.

104. Defendants deny the allegations contained in Paragraph 104 of Plaintiff's Complaint.

105. Defendants deny the allegations contained in Paragraph 105 of Plaintiff's Complaint.

106. Defendants deny the allegations contained in Paragraph 106 of Plaintiff's Complaint.

107. Defendants deny the allegations contained in Paragraph 107 of Plaintiff's Complaint.

108. Defendants deny the allegations contained in Paragraph 108 of Plaintiff's Complaint.

109. Defendants deny the allegations contained in Paragraph 109 of Plaintiff's Complaint.

## **AS TO COUNT V**

110. In response to Paragraph 110 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 109, inclusive, of Plaintiff's Complaint, as set forth in Paragraphs 1 through 109 above.

111.   Defendants deny Plaintiff's allegations contained Paragraph 111 of Plaintiff's Complaint.

112.   Defendants make no response to Paragraph 112 of Plaintiff's Complaint for the reason that the statements made therein constitute legal conclusions rather than allegations of fact.

113.   In response to Paragraph 113 of Plaintiff's Complaint, Defendants admit that Plainville Gas operates only at the Plainville, Massachusetts, Landfill; and Defendants deny all other allegations contained therein.

114.   Defendants deny the allegations contained in Paragraph 114 of Plaintiff's Complaint.

115.   Defendants deny the allegations contained in Paragraph 115 of Plaintiff's Complaint.

116.   Defendants deny the allegations contained in Paragraph 116 of Plaintiff's Complaint.

117.   Defendants deny that Plaintiff is entitled to any of the relief sought and denies all other allegations contained in Paragraph 117 of Plaintiff's Complaint.

## AS TO COUNT VI

118.   In response to Paragraph 118 of Plaintiff's Complaint, Defendants incorporate by reference their responses to Paragraphs 1 through 117, inclusive, of Plaintiff's Complaint, as set forth in Paragraphs 1 through 117 above.

119.   Defendants deny the allegations contained in Paragraph 119 of Plaintiff's Complaint.

120. Defendants deny the allegations contained in Paragraph 120 of Plaintiff's Complaint.

121. Defendants deny the allegations contained in Paragraph 121 of Plaintiff's Complaint.

122. Defendants deny the allegations contained in Paragraph 122 of Plaintiff's Complaint.

123. Defendants deny the allegations contained in Paragraph 123 of Plaintiff's Complaint.

124. Defendants deny the allegations contained in Paragraph 124 of Plaintiff's Complaint.

125. Defendants deny the allegations contained in Paragraph 125 of Plaintiff's Complaint.

126. Defendants deny the allegations contained in Paragraph 126 of Plaintiff's Complaint.

## II.   AFFIRMATIVE DEFENSES

For their affirmative defenses to Plaintiff's Complaint, Defendants state that:

127. Plaintiff has failed to state a claim upon which relief may be granted.

128. Plaintiff's claims are barred, wholly or in part, by the limitation of liability and limitation of remedy provisions in the 2002 Contract.

129. Plaintiff's claims are barred, wholly or in part, because they are subject to arbitration under Article XV of the 2002 Contract.

130. Plaintiff's claims are barred because Plaintiff voluntarily assumed the risk of the alleged damages complained of.

131. Plaintiff's claims are barred because Plaintiff voluntarily incurred the risk of the alleged damages complained of.

132. Plaintiff's claims are barred, wholly or in part, by Plaintiff's failure to reasonably mitigate its damages with respect to the alleged damages complained of.

133. Plaintiff's claims are barred because Plaintiff has unclean hands.

134. Plaintiff's claims asserted in Count I of Plaintiff's Complaint are barred because, as the parent company of Plainville Gas, DTE was privileged to act as to the matters complained of to protect its economic interests with respect to its subsidiary Plainville Gas.

135. Plaintiff's claims asserted in Counts I, II and III of Plaintiff's Complaint are barred because Plaintiff cannot recover in tort what it could not recover under the 2002 Contract.

136. Plaintiff's claims asserted in Counts II and III are barred because Plaintiff has not stated with particularity the circumstances constituting the alleged fraud as required by Fed. R. Civ. P. 9(b).

137. Plaintiff's negligence was equal to or greater than any negligence of Defendants, and Plaintiff is thereby barred from any recovery under G.L. c. 231, § 85, as amended.

138. If Plaintiff's negligence was less than any negligence on the part of Defendants, then any damages to Plaintiff should be diminished in proportion to the amount of negligence attributable to Plaintiff, under G.L. c. 231, § 85, as amended.

### III.    REQUEST FOR RELIEF

For the reasons stated above, Defendants respectfully request the Court to deny Plaintiff any relief with respect to its claims; to award Defendants their costs incurred in defending the claims asserted against them by Plaintiff; and to award them all further appropriate relief.

Date:   July 20, 2005.

Respectfully submitted,

*/s/ W.C. Blanton*
W.C. Blanton          MO# 54125
Lori J. Sellers        MO# 47975
Blackwell Sanders Peper Martin LLP
4801 Main Street, Ste. 1000
Kansas City, MO  64112
(816) 983-8000
(816) 983-8080  ( fax )
*pro hac vice* motions pending


*/s/ Wesley S. Chused*
Wesley S. Chused
Looney & Grossman LLP
101 Arch Street
Boston, MA  02110
(617) 951-2800
(617) 951-2819  (fax)

**Attorneys for Defendants**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2005, I served a copy of the foregoing pleading upon all parties hereto electronically, via facsimile or by mailing copies thereof, via first class mail, postage prepaid, properly addressed to:

Steven Ferrey, Esq.
Christopher L. DeMayo, Esq.
LeBoeuf, Lamb, Greene & MacRae, L.L.P.
260 Franklin Street
Boston, MA 02110
(617) 748 6800



*/s/ Wesley S. Chused*
Wesley S. Chused