UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| PLAINVILLE GENERATING CO., LLC,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | |
| ) | |
| DTE BIOMASS ENERGY, INC. and  ) | Case No. 05-11210-GAO |
| PLAINVILLE GAS PRODUCERS, INC.,  ) | |
| ) | |
| Defendants.  ) | |

---

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF
### MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

---

Defendants, DTE Biomass Energy, Inc. ("DTE Biomass") and Plainville Gas Producers, Inc. ("Plainville Gas"), have filed herewith Defendants' Motion To Dismiss For Lack Of Subject Matter Jurisdiction ("Motion To Dismiss"), based upon a lack of complete diversity of citizenship between Plaintiff, Plainville Generating Co., LLC ("Plainville Generating"), on the one hand and Defendants on the other at the time this action was commenced. Defendants' Motion To Dismiss should be granted for the reasons discussed below.

**I.   INTRODUCTION AND LEGAL FRAMEWORK**

This action was commenced on June 9, 2005. The asserted basis for jurisdiction of this Court over the subject matter of this action was set forth in rhetorical paragraph 7 of Plaintiff's Complaint, as follows:

> This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 in that no defendant is a citizen of the same state as the plaintiff in the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

However, contrary to Plaintiff's allegation, there was not complete diversity of citizenship as between Plaintiff and Defendants at the time this case was commenced. Therefore, this action must be dismissed for lack of subject matter jurisdiction.[1]

Notably, since this action was commenced, Plainville Gas has terminated all business activity in Massachusetts, so that complete diversity of citizenship as between Plaintiff and Defendants now exists. Nonetheless, because the determination of whether diversity of citizenship exists for jurisdictional purposes must be made with respect to the citizenship of the parties as of the time of commencement of this action, the Court is without subject matter jurisdiction over the matters that are the subject of this action.

Despite the foregoing, Plaintiff's claims against Defendants that are the subject of this action may, unless otherwise barred, be asserted in this Court. That is, if following the dismissal of this action, Plaintiff chooses to re-file its case against Defendants in this Court, the Court would have jurisdiction under 28 U.S.C. §1332 because there has been complete diversity of citizenship between Plaintiff and Defendants since September 1, 2005. Likewise, if Plaintiff should re-file its case in Massachusetts state court, Defendants could remove the case to this Court based on diversity of citizenship jurisdiction.

Although Defendants recognize that this Court may ultimately hear this case, they do not bring this Motion To Dismiss frivolously or for any improper purpose. Rather, the motion <u>must</u> be brought so that there is a clean record for this case to proceed in this Court.

As the Court is well aware, the parties may not confer jurisdiction upon a federal district court by agreement;[2] and the Court would have the responsibility to dismiss this case <u>sua sponte</u>

---

[1] Plaintiff's jurisdictional allegation has been repeated verbatim at rhetorical paragraph 8 of Plaintiff's First Amended Complaint, filed October 3, 2005. Defendants denied that diversity of citizenship-based jurisdiction over the subject matter of this action exists at rhetorical paragraph 7 of Defendants' Answer To Plaintiff's Complaint, filed July 20, 2005. Defendants now have reiterated that denial at rhetorical paragraph 8 of Defendants' Answer To Plaintiff's Complaint, filed October 19, 2005.

for lack of subject matter jurisdiction as soon as the fact of Plainville Gas being a citizen of Massachusetts at the time this action was commenced comes to its attention, as inevitably would otherwise happen in these proceedings.[3]  Furthermore, counsel for Defendants have a responsibility as officers of this Court to bring this situation to the Court's attention. Accordingly, it will be best for both the parties and the Court to take the steps necessary to resolve the issue of this Court's jurisdiction over the subject matter of this action now, rather than at some point in the future when all concerned have invested time and resources in litigating this case, only to have to start over in this or some other forum when the Court's current lack of subject matter jurisdiction might otherwise come to light.

## II.   FACTS

Plaintiff alleges that it is a "Massachusetts limited liability company," which Defendants understand to mean that Plainville Generating is organized under the laws of Massachusetts; and Defendants understand Plainville Generating's principal place of business to be 3 Belcher Street, in Plainville, Massachusetts.  Therefore, Plainville Generating is a citizen of Massachusetts for the purpose of determining whether or not subject matter jurisdiction exists here.

Defendant DTE Biomass is a corporation organized under the laws of Michigan.  Its principal offices are located at 425 South Main Street, Ann Arbor, Michigan, which is its principal place of business.[4]  See Affidavit Of Curtis T. Ranger ("Ranger Aff."), ¶¶ 3,4.

---

[2]   See, e.g., Espinal-Dominguez v. Commonwealth of Puerto Rico, 352 F.3d 490, 495 (1st Cir. 2003) ("[L]itigants cannot confer subject matter jurisdiction on a federal court by indolence, oversight, acquiescence, or consent.") (citation omitted).

[3]   As the First Circuit has stated, "Because federal courts are powerless to act in the absence of subject matter jurisdiction, we have an unflagging obligation to notice jurisdictional defects and to pursue them on our own initiative. Id.

[4]   DTE Biomass, through its subsidiaries, develops and operates alternative methane fuel projects and landfill gas-to-energy conversion systems. Ranger Aff. ¶ 4. DTE Biomass has more than 30 such projects in 16 states. DTE Biomass also provides contract administrative and operating services to its subsidiaries. DTE Biomass has offices in Florida and Arizona in addition to its corporate headquarters in Michigan. Id.  As of June 9, 2005, DTE Biomass'

Therefore, DTE Biomass is not a citizen of Massachusetts for the purpose of determining whether or not subject matter jurisdiction exists here.

As alleged by Plaintiff, (First Amended Complaint, ¶3), Defendant Plainville Gas "is a Michigan corporation also with its principal offices at 425 South Main Street, Ann Arbor, Michigan." However, at the time this action was commenced, the only location at which Plainville Gas owned any equipment and facilities and/or carried out any physical business activities was the Plainville Landfill located in Plainville, Massachusetts ("Landfill"). See Ranger Aff. ¶ 5. Therefore, at the time this action was commenced, Plainville Gas was a citizen of both Michigan and Massachusetts for the purpose of determining whether or not subject matter jurisdiction exists here.

Plainville Gas terminated all activities at the Landfill as of midnight, August 31, 2005; and it has conducted no business activities whatsoever in Massachusetts since then. Ranger Aff. ¶ 5. Therefore, Plainville Gas is not a citizen of Massachusetts at the present time for purposes of determining diversity of citizenship jurisdiction.

### III.   DISCUSSION

It is well established that there must be complete diversity of citizenship between the plaintiff(s) and the defendant(s) for a federal court to have subject matter jurisdiction under 28 U.S.C. § 1332(a). Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 580 n.2 (1999). For purposes of diversity, a corporation is deemed to be a citizen of both the state under whose laws it was organized and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Diaz-Rodriguez v. Pep Boys Corp., 410 F.3d 56, 58 (1st Cir. 2005). The citizenship of each

---

only business activity in Massachusetts was providing operating and maintenance services to its subsidiary Plainville Gas. Id. at ¶ 5. These services were provided through a third-party contractor and constituted a small portion of DTE Biomass' overall business. Id. DTE Biomass' business is thus far-flung, and its principal place of business is Michigan, its corporate headquarters, under the First Circuit's "nerve center" test. See Diaz-Rodriguez v. Pep Boys Corp., 410 F.3d 56, 61 (1st Cir. 2005).

party is determined as of the date the action is commenced.  Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004).

Here, it is undisputed that Plaintiff, Plainville Generating, is a citizen of Massachusetts for the purpose of examining the diversity of citizenship issue.  Likewise, it is undisputed that DTE Biomass is not a citizen of Massachusetts for that purpose.  Only the citizenship of Defendant Plainville Gas must be scrutinized.

Because Plainville Gas was organized under Michigan law, it is a citizen of that state with respect to the first prong of the citizenship determination.  However, although the Plainville Gas principal offices are in Michigan and all management activities (carried out by employees of DTE Biomass pursuant to contract) take place in Michigan, its only physical assets and operations at the time this action commenced were located in Massachusetts.  Therefore, as to the second prong, Plainville Gas' principal place of business for purposes of diversity of citizenship issues must be found to be Massachusetts under controlling law.

In Diaz-Rodriguez, the court held "that the principal place of business of a corporation that has the bulk of its physical operations in one state is to be determined under the locus of operations test, even if the corporation's executive offices are in another state."  410 F.3d at 61.  Because all of the physical operations of Plainville Gas at the time this action was commenced were in Massachusetts, that state was at that time its principal place of business.[5]  Therefore, Plainville Gas was at the time this action commenced a citizen of Massachusetts as well as a citizen of Michigan for the purpose of determining whether or not there was at that time complete diversity of citizenship as between Plaintiff and Defendants here.

---

[5]  The First Circuit's alternative nerve center test does not apply here as the operations of Plainville Gas are not far-flung and the corporation is not without physical operations.  See  Diaz-Rodriguez, 410 F.3d at 61.

In summary, at the time this action was commenced, both Plaintiff and Defendant Plainville Gas were citizens of Massachusetts. Thus, there was not complete diversity of citizenship as between Plaintiff and Defendants at that time. Therefore, the Court is without jurisdiction over the subject matter of this action under 28 U.S.C. §1332. Consequently, this action must be dismissed for want of subject matter jurisdiction. Such dismissal, of course, is without prejudice to Plaintiff's right to re-file this case and/or for any party to assert diversity jurisdiction to re-new the case in this Court. Grupo Dataflux, 541 U.S. at 581.

**IV.   CONCLUSION**

For the reasons discussed above, Defendants' Motion To Dismiss should be granted; and this action must be dismissed for lack of subject matter jurisdiction forthwith.

WHEREFORE, Defendants, DTE Biomass Energy and Plainville Gas, respectfully request the Court to grant Defendants' Motion To Dismiss, to dismiss this action for lack of subject matter jurisdiction forthwith, to award them their costs incurred in defending this action, and to grant them all further appropriate relief.

Date:  October 19, 2005

Respectfully submitted,

*/s/ W.C. Blanton*
W.C. Blanton          (MO# 54125)
Lori J. Sellers       (MO# 47975)
*Pro hac vice appearances*
Blackwell Sanders Peper Martin LLP
4801 Main St., Ste. 1000
Kansas City, MO  64112
(816) 983-8000
(816) 983-8080  ( fax )


*/s/ Wesley S. Chused*
Wesley S. Chused (BBO #083520)
Looney & Grossman LLP

                        101 Arch Street
                        Boston, MA  02110
                        (617) 951-2800
                        (617) 951-2819 (fax)

                        **Attorneys for Defendants**

## CERTIFICATE OF SERVICE

      I hereby certify that on October 19, 2005, I served a copy of the foregoing pleading upon all parties hereto electronically, via facsimile or by mailing copies thereof, via first class mail, postage prepaid, properly addressed to:

        Steven Ferrey, Esq.
        Christopher L. DeMayo, Esq.
        LeBoeuf, Lamb, Greene & MacRae, L.L.P.
        260 Franklin Street
        Boston, MA 02110
        (617) 748 6800

                        */s/ Wesley S. Chused*
                        Wesley S. Chused