UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| PLAINVILLE GENERATING CO., LLC,           ) | |
|                                Plaintiff,      ) | |
| vs.                                                                ) | Case No. 05-11210-GAO |
| DTE BIOMASS ENERGY, INC. and      ) PLAINVILLE GAS PRODUCERS, INC.,   ) | |
|                               Defendants.  ) | |

---

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR A SHORT ORDER OF NOTICE**

---

Defendants DTE Biomass Energy, Inc. ("DTE Biomass") and Plainville Gas Producers, Inc. ("Plainville Gas") oppose Plaintiff's Motion For A Short Order Of Notice ("Notice Motion") filed October 18, 2005 by Plaintiff, Plainville Generating Co., LLC ("Plaintiff"), seeking a short order of notice for Defendants to appear on October 25, 2005, at the Scheduling Conference in this case, and to show cause why the Court should not grant Plaintiff's motion for preliminary injunction ("Injunction Motion"), which was also filed on October 18, 2005. As grounds for this opposition, Defendants submit that (i) this Court lacks jurisdiction over the subject matter of this action; (ii) a hearing on October 25, 2005 at the Scheduling Conference would violate Local Rule 16.1; (iii) Plaintiff has shown no valid basis for such a short notice period (or any other accelerated timetable) or any need for Plaintiff's Injunction Motion to be heard on October 25, 2005; (iv) one of Defendants' opposition witnesses, whose affidavit and testimony is needed to oppose the Injunction Motion, is unavailable through at least the first week in November 2005,

L:\13525\000\Pld\019.DOC

and (v) it is otherwise unreasonable to require Defendants to prepare and present their opposition to the Injunction in less than five business days, all as described below.

1.  **This Court Lacks Jurisdiction Over Plaintiff's Claims.**

As shown in Defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(1), filed October 19, 2005 in response to Plaintiff's First Amended Complaint, which is adopted and incorporated herein in its entirety by reference, this Court is without jurisdiction over the subject matter of this action. Hence, the Court is presently without jurisdiction to hear Plaintiff's Injunction Motion on October 25, 2005, (or at any other time), much less grant any injunctive relief.

2.  **A hearing at the Scheduling Conference on October 25, 2005 would violate Local Rule 16.1.**

On September 27, 2005, in response to this Court's August 31, 2005 Notice Of Scheduling Conference and Local Rule 16.1(B), a telephone conference took place among counsel for all parties, Steven Ferrey representing Plaintiff, and Wesley S. Chused and W.C. Blanton representing Defendants. *See* Affidavit of Wesley S. Chused in Opposition to Plaintiff's Motion for a Short Order of Notice (hereafter, *"Chused Aff."*) ¶2. At no time during that Local Rule 16.1(B) conference did Mr. Ferrey mention Plaintiff's intention to file its Injunction Motion. *Id.* ¶3. However, given the detail, scope and extent of the Injunction Motion and its supporting affidavits, its preparation undoubtedly had to have been well in process at that time.

Local Rule 16.1(B) not only requires counsel to confer in advance of the scheduling conference, but it also requires counsel to prepare "an agenda of matters to be discussed at the scheduling conference." L.R. 16.1(B)(1). Plaintiff's plan to move for preliminary injunctive relief on facts that were known to Plaintiff and its counsel, Mr. Ferrey, long before the September 27, 2005 conference of counsel, and Mr. Ferrey's failure to mention the Injunction Motion or that Plaintiff would seek to have it put on the Scheduling Conference agenda is more

than sufficient basis on which to the Court should decline to hear Plaintiff's Injunction Motion at the October 25 Scheduling Conference.

Moreover, subsequent to the September 27, 2005 conference of counsel, on October 11, 2005, Defendants' counsel, Mr. Chused, sent a proposed joint statement to Plaintiff's counsel, Messrs. Ferrey and DeMayo, to review. They approved it with no changes or suggestion that a motion for preliminary injunctive relief should be added to the October 25 Scheduling Conference agenda. *Chused Aff.* ¶5.

Similarly, in Mr. Ferrey's telephone conversation with Mr. Blanton shortly before counsels' September 27 conference of counsel, at which they discussed the possibility of the party's conducting limited expedited discovery in this case in order to develop a realistic assessment of the case, Mr. Ferrey made no mention of Plaintiff's intention to file the Injunction Motion. *Affidavit of W.C. Blanton Relating To Plaintiff's Motion For A Short Order Of Notice And Defendants' Motion For Extension Of Time* (hereinafter, "*Blanton Aff.*") ¶ 8.

Plaintiff's filing its motion papers and its Notice Motion on October 18, 2005, one week before the October 25, 2005 Scheduling Conference, with full knowledge that Defendants could not properly prepare and file their opposition in one week, coupled with the fact (as shown below) that Plaintiff obviously knew the basis for its Injunction Motion since at least September 1, 2005, compels denial of Plaintiff's Notice Motion.

**3.    There is no Urgency to Hear Plaintiff's Motion on October 25, 2005.**

By its Injunction Motion, Plaintiff seeks two separate, distinct, and specific items of relief: (1) an order directing Defendants to provide Plaintiff a laundry list of items purportedly essential to Plaintiff's ability to effectively and efficiently operate the landfill gas collection and delivery system ("Gas System") at the Plainville Landfill in Plainville, Massachusetts

("Landfill"); and (2) an order directing "defendant" to post security in the amount of $3 million dollars to give guarantee any judgment or other relief that Plaintiff hopes the Court might award it in this case.[1]  Contrary to the picture portrayed in Plaintiff's Notice Motion, there is no urgency for Plaintiff's Injunction Motion to be heard on October 25, 2005 with respect to either item of relief sought by that motion.

This action was filed on June 9, 2005.  Therefore, Plaintiff has had available to it a mechanism to seek the relief requested by its Injunction Motion since that date.  The events upon which Plaintiff's first request for relief is based occurred and have been well known to Plaintiffs since early September 2005 at the latest; and Plaintiff has offered no explanation for its delay in seeking relief so as to justify denying Defendants a reasonable amount of time to respond to Plaintiff's motion.  As for Plaintiff's second request for relief, Plaintiff has offered not a shred of evidence to support its wild speculation that certain events may transpire in the future that are of such a nature that the relief sought might someday be warranted.

### As to operational materials

Defendant Plainville Gas notified Lorusso Corp., an affiliate of Plaintiff, on July 19, 2005 that the contract by which Plainville Gas had been providing landfill gas collected and delivered to Plaintiff via the Gas System was being terminated, effective midnight August 31, 2005.[2]  *Affidavit of David R. Joest Relating To Plaintiff's Motion For A Short Order Of Notice And Defendants' Motion For Extension Of Time* (hereafter "*Joest Aff.*") ¶ 6.  At the same time,

---

[1]  The reference in Plaintiff's Injunction Motion to only one "defendant" and the subsequent reference to "its" payment of any damages awarded and "its" performance of any equitable relief ordered makes it unclear as to what exactly is the relief sought by Plaintiff in this regard.

[2]  Although Lorusso Corp., notified Defendant Plainville Gas some time ago that it was assigning to Plaintiff its rights and obligations under its contract with Plainville Gas to accept all gas generated at the Landfill available for delivery via the Gas System, no copy of any such assignment has ever been provided Plainville Gas by either Lorusso Corp. or Plaintiff.

however, Plainville Gas advised Lorusso that Plainville Gas was willing to assign to it all of Plainville Gas's rights and obligations vis-à-vis the Gas System under the Plainville Gas contract with Allied Waste Systems, Inc. ("Allied"), owner of the Landfill. *Id.* On July 27, 2005, Lorusso Corp., accepted that assignment. *Joest Aff.* ¶ 7. Thereafter, the parties agreed that the assignment would become effective as of August 31, 2005. *Joest Aff.* ¶ 8. Accordingly, Plaintiff assumed operation of the Gas System on September 1, 2005.

In short, Plaintiff knew for five weeks before it took over operation of Gas System that it would be doing so as of September 1; and it has in fact operated the Gas System for almost seven weeks before filing its Injunction Motion. Thus, assuming for the sake of argument, that there are items possessed by Defendant Plainville Gas that Plaintiff might reasonably need to effectively and efficiently operate the Gas System,[3] Plaintiff has made no effort to secure the Court's assistance in obtaining those items in a timely fashion[4]; and Plaintiff certainly has not shown that it is facing any sort of emergency situation.

### As to purported need for financial assurances

Strikingly absent from the materials submitted by Plaintiff in support of its Injunction Motion is any evidence to support its completely baseless contention that financial assurances

---

[3] In fact, Plainville Generating already possesses many of the operational items that it has asked the Court to order Defendants to provide Plaintiff, as will be fully shown by Defendants in their substantive response to Plaintiff's Injunction Motion. *See Affidavit of James A. Van Hoy Relating To Plaintiff's Motion For A Short Order Of Notice And Defendants' Motion For Extension Of Time* ¶ 3.

[4] Plaintiff's assertion at page 8 of Plaintiff's memorandum in support of its Injunction Motion ("Plaintiff's Memorandum") that "[o]n two separate occasions during August 2005, counsel for Defendants informed counsel for Plaintiffs [sic] that Defendants were going to meet with Plaintiffs [sic] at the Facility during specific weeks in August to provide documents, maps, information, keys and materials necessary for an orderly transition of Plaintiff or its affiliate into the responsibilities of the gas supplier function being unilaterally suddenly abandoned by Defendant PGP" is patently false. Ignoring for the moment that this assertion is supported only by the blatantly hearsay declaration by Mr. Lorusso at paragraph 5 of his supporting affidavit (neither of Plaintiff's attorneys apparently being willing to support that statement under oath), the statement is contradicted by the affidavits of W.C. Blanton, Wesley Chused, and Lori Sellers, the three attorneys who comprise "counsel for Defendants" in this matter. Blanton Aff. ¶ 7; Chused Aff. ¶ 8; *Affidavit of Lori J. Sellers Relating To Plaintiff's Motion For A Short Order Of Notice And Defendants' Motion For Extension Of Time* ¶ 3. *See also Joest Aff.* ¶¶ 8, 9.

are necessary "so that manipulations by Plainville Gas do not shift remaining assets to its parent, declare bankruptcy, [sic] and frustrate the remedies to which parties are entitled." *Plaintiff's Memorandum* at 2. Instead, Plaintiff supports its claim for this relief solely upon its consistently defamatory and false characterization of the events that give rise to this litigation.

In short, there is no crisis here. Plaintiff failed to seek the operational items it now claims are absolutely necessary for its proper operation of the Gas System for weeks after it had to know what it needed but now claims it doesn't have. This clearly belies its claim that it so desperately needs those items "right now" that Defendants should be denied a reasonable opportunity to demonstrate the lack of merit in Plaintiff's request. Furthermore, Plaintiff offers nothing to support its request for the Court to require Defendants to provide financial assurances other than the assertion that they can afford it — which hardly proves that any emergency exists here in that respect, either.

### 4. Unavailability of Defendants' Opposition Witness.

A witness upon whom Defendant will rely to oppose Plaintiff's Injunction Motion is unavailable until early November; and it therefore would be manifestly unjust and unfair to conduct a hearing on the merits of the Injunction Motion on October 25. Richard M. DiGia, Vice President, Operations & Construction, of Plainville Gas, is out of the country and unavailable between now and the end of this month and almost certainly cannot participate in the preparation and presentation of Defendants' opposition to the Injunction Motion until at least the first week in November. *Joest Aff.* ¶ 4. Therefore, as a practical matter, it is not possible for Defendants to prepare and present their opposition affidavits before November 7, 2005, at the earliest.

### 5. **General Unreasonableness.**

The twenty page detailed exposition of Plaintiff's complaints about Defendants that constitutes Plaintiff's Memorandum strongly suggests on its face that there are numerous factual issues presented in this case. Defendants will demonstrate in their substantive response to Plaintiff's Injunction Motion that Plaintiff's recitation of the supposed "facts" upon which it bases its claims is grossly inaccurate, that the Plaintiff's characterizations of the few undisputed facts involved in this case are grossly distorted, and that Plaintiff's accusations of bad faith and extortion are outrageously baseless. However, it will take Defendants a reasonable period of time to fully address Plaintiff's tirade; and Defendants' lead counsel, Mr. Blanton, will be unable to work on this matter for the next few days. *Blanton Aff.* ¶ 5. Clearly, in the circumstances of this case, where Plaintiff has shown no emergency or extraordinary circumstances or irreparable harm that would occur if its Injunction Motion were not heard on October 25, 2005, it would be manifestly unfair and prejudicial to Defendants if that motion were heard on that date.

WHEREFORE, Defendants DTE Biomass Energy, Inc. and Plainville Gas Producers, Inc. respectfully request the Court deny Plaintiff's Motion For A Short Order Of Notice, and to grant them such other relief as appropriate in the circumstances.

Respectfully submitted,

October 20, 2005

*/s/ W.C. Blanton*
W.C. Blanton         MO# 54125
Lori J. Sellers         MO# 47975
BLACKWELL SANDERS PEPER
MARTIN LLP
4801 Main Street, Ste. 1000
Kansas City, MO  64112
(816) 983-8000
(816) 983-8080  ( fax )
*pro hac vice* appearances

        */s/ Wesley S. Chused*
        Wesley S. Chused
        LOONEY & GROSSMAN LLP
        101 Arch Street
        Boston, MA  02110
        (617) 951-2800
        (617) 951-2819 (fax)

        **Attorneys for Defendants**

## CERTIFICATE OF SERVICE

      I hereby certify that on October 20, 2005, I served a copy of the foregoing pleading with all supporting affidavits upon all parties hereto electronically, via facsimile or by mailing copies thereof, via first class mail, postage prepaid, properly addressed to:

        Steven Ferrey, Esq.
        Christopher L. DeMayo, Esq.
        LeBoeuf, Lamb, Greene & MacRae, L.L.P.
        260 Franklin Street
        Boston, MA 02110
        (617) 748 6800


        */s/ Wesley S. Chused*
        Wesley S. Chused