UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PLAINVILLE GENERATING CO., LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DTE BIOMASS ENERGY, INC. and )<br>PLAINVILLE GAS PRODUCERS, INC., )<br>)<br>Defendants. ) | Case No. 05-11210-GAO |

### AFFIDAVIT OF W.C. BLANTON RELATING TO
### PLAINTIFF'S MOTION FOR A SHORT ORDER OF NOTICE
### AND DEFENDANTS' MOTION FOR EXTENSION OF TIME

W.C. Blanton, being first duly sworn, states as follows:

1. The statements made herein are based upon my personal knowledge, and I am competent to testify thereto.

2. I am one of the attorneys for Defendants DTE Biomass Energy, Inc. ("DTE Biomass") and Plainville Gas Producers, Inc. ("Plainville Gas") in the civil action encaptioned <u>Plainville Generating Co., LLC v. DTE Biomass Energy, Inc. and Plainville Gas Producers, Inc.</u>, C.A. No. 05-11210-GAO, now pending in the United States District Court for the District Court of Massachusetts ("Lawsuit").

3. On Tuesday, October 18,[1] Wesley Chused, co-counsel for Defendants, provided me copies of Plaintiff's motion for preliminary injunction, Plaintiff's memorandum of law in support of that motion, and Plaintiff's motion for a short order of notice, which in the aggregate

---

[1] All dates stated herein are in 2005.

request the Court to require Defendants to appear before the Court on Tuesday, October 25, 2005, to show cause why the Court should not grant Plaintiff's motion for preliminary injunction ("Plaintiff's Motion").

4. Plaintiff's Motion is based upon an eleven page recitation of alleged facts covering a time period of more than eighteen months; and Defendants vigorously dispute virtually every factual allegation made by Plaintiff in its memorandum of law in support of that motion. Furthermore, one of the persons who possesses information regarding the events involved in the Lawsuit will not be available to participate in the preparation and presentation of Defendants' response to Plaintiff's Motion until early November. Moreover, Plaintiff supports its Motion with the affidavit of an expert witness, David E. Adams, who appears to have spent a substantial amount of time investigating certain technical issues involved in this case in developing certain opinions apparently to be relied upon by Plaintiff in support of its Motion for a preliminary injunction. Under these circumstances, it is my opinion that it would be a challenging task to appropriately and fully prepare Defendants' response to Plaintiff's Motion within the fourteen days provided by the Court's applicable rule.

5. In order to address certain family responsibilities that cannot reasonably be postponed, I must leave my office no later than late afternoon on Thursday, October 20; drive from Kansas City, Missouri to Brainerd, Minnesota; attend to certain matters, and then drive back to Kansas City, where I reasonably expect to arrive no earlier than late Saturday, October 22. Consequently, my personal schedule allows me only three full working days to address the matters raised by Plaintiff's Motion between the time I first saw it and Tuesday, October 25, the day Plaintiff wants to present its Motion to the Court for resolution.

6. There is no other attorney presently serving as counsel for Defendants in this matter or any other attorney at my law firm who has sufficient knowledge regarding the matters that are the subject of the Lawsuit to effectively develop Defendants' response to Plaintiff's Motion in my absence within the next fourteen days, much less seven days.

7. I note the following statement at page 8 of the memorandum of law filed by Plaintiff in support of Plaintiff's Motion: "On two separate occasions during August 2005, counsel for Defendants informed counsel for Plaintiffs [sic] that Defendants were going to meet with Plaintiffs [sic] at the Facility during specific weeks in August to provide documents, maps, information, keys and materials necessary for an orderly transition of Plaintiff or its affiliate into the responsibilities of the gas supplier function being unilaterally suddenly abandoned by Defendant PGP." At no time during August 2005 or any other time did I inform either Steven Ferrey or Christopher L. DeMayo or any other person of any such thing.

8. Shortly before the September 27 conference call among Wesley S. Chused, Steven Ferrey, and me conducted pursuant to Local Rule 16.1(b), at which we discussed the agenda of matters to be discussed at the October 25 Scheduling Conference and to develop a joint statement as required by Local Rule 16.1(d), I called Mr. Ferrey to discuss the possibility of the parties' conducting limited expedited discovery in this case in order to develop a realistic assessment of the case, as directed by the Court's Notice Of Scheduling Conference issued August 31. In this regard, I suggested to Mr. Ferrey that Plaintiff make Gerard Lorusso, one of its principals, available to be deposed either individually or as a designee of Plaintiff pursuant to Fed. R. Civ. P. 30(b)(6), and that Defendants make Curtis T. Ranger, President of both Defendants, available to be deposed either in his individual capacity or as the designee of one or both Defendants under Fed. R. Civ. P. 30(b)(6), without prejudice to the right of either party to

subsequently re-depose Mr. Lorusso and/or Mr. Ranger. In response, Mr. Ferrey stated that Plaintiff would consider my suggestion, but that Plaintiff likely would need to depose one or more persons in addition to Mr. Ranger and to obtain certain documents from Defendants in order for the suggested limited expedited discovery to be worthwhile from Plaintiff's standpoint. At no time during our conversation or at any other time did Mr. Ferrey state or suggest any need of Plaintiff to immediately obtain any documents or other items from either Defendant in order to effectively and efficiently operate the landfill gas collection and delivery system at the Plainville Landfill located in Plainville, Massachusetts that is the subject of this action.

Further Affiant sayeth not.

_____
W.C. Blanton

STATE OF MISSOURI    )
                     ) ss.
COUNTY OF JACKSON    )

Subscribed and sworn to before me, a notary public in and of said County and State, this 20th day of October 2005.

_____
Notary Public

My Commission Expires:_____

ANGELA M. MAYS
Jackson County
My Commission Expires
August 25, 2007