UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PLAINVILLE GENERATING CO., LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DTE BIOMASS ENERGY, INC. and ) <br> PLAINVILLE GAS PRODUCERS, INC., ) <br> ) <br> Defendants. ) | Case No. 05-11210-GAO |

AFFIDAVIT OF DAVID R. JOEST RELATING TO
PLAINTIFF'S MOTION FOR A SHORT ORDER OF NOTICE
AND DEFENDANTS' MOTION FOR EXTENSION OF TIME

David R. Joest, being first duly sworn, states as follows:

1. The statements made herein are based upon my personal knowledge, and I am competent to testify thereto.

2. I am employed by DTE Coal Services, Inc.("DTECS"), as an Assistant General Counsel. In this capacity I act as in-house counsel for a number of DTECS affiliates including DTE Biomass Energy, Inc. ("DTE Biomass"), which is a Defendant in the civil action encaptioned <u>Plainville Generating Co., LLC v. DTE Biomass Energy, Inc. and Plainville Gas Producers, Inc.</u>, C.A. No. 05-11210-GAO, now pending in the United States District Court for the District Court of Massachusetts ("Lawsuit"). I have had responsibility as in-house counsel for DTE Biomass for the matters that are the subject of the Lawsuit since approximately December 1, 2004. Among my responsibilities in this regard is the provision of legal services to

Plainville Gas Producers, Inc. ("Plainville Gas"), the other Defendant in the Lawsuit, is which a wholly-owned subsidiary of DTE Biomass.

3.  There are no employees of Plainville Gas. Many of the business activities of Plainville Gas are carried out by employees of DTE Biomass pursuant to written service contracts between the Plainville Gas and DTE Biomass.

4.  Richard M. DiGia, is the Vice President, Operations & Construction, of DTE Biomass. Mr. DiGia has certain responsibilities and knowledge regarding the provision of certain services to Plainville Gas by DTE Biomass relevant to the issues raised by Plaintiff's claims asserted against DTE Biomass and Plainville Gas in the Lawsuit. Therefore, Mr. DiGia's participation in Defendants' response to Plaintiff's motion for a preliminary injunction, filed October 1, 2005 in connection with the Lawsuit ("Plaintiff's Motion") is reasonably necessary. However, Mr. DiGia is presently out of the country in connection with medical treatment his son is receiving in Portugal and is not expected to return to this country until October 27, 2005 at the earliest. His itinerary is contingent on developments in his son's treatment. In the meantime, it is not reasonably practicable for Mr. DiGia to participate in the preparation of Defendants' response to Plaintiff's Motion. Consequently, it would be significantly prejudicial to Defendants if any hearing on Plaintiff's Motion were to be held prior to November 7, 2005.

5.  I have been personally involved in Plainville Gas's termination of the landfill gas supply agreement with Plainville Generating Co., LLC ("Plainville Generating") that is (among other things) a subject of the Lawsuit.

6.  Attachment A hereto is a copy of the July 19, 2005 letter from Curtis T. Ranger, President of Plainville Gas to Gerard Lorusso, President of Plainville Generating, by which Plainville Generating was notified of the termination of this contract.

7. Attachment B hereto is an executed copy of the Assignment to Lousso Corporation by Plainville Gas of the rights and obligations under the terms of the contract with Allied Waste Systems, Inc., the owner of Plainville Landfill in Plainville, Massachusetts ("Landfill") that (among other things) previously provided Plainville Gas the right to collect the landfill gas generated at the Landfill and to transmit it to Plainville Generating, together with the transmittal cover letter from Lorusso Corporation's President, Gerard Lorusso. The July 27, 2005 effective date had been inserted into the assignment document when it was received back from Lorusso Corporation.

8. Thereafter, I had a number of conversations with Steven Ferrey, one of the attorneys for Plainville Generating in connection with the matters that are the subject of the Lawsuit and one of the attorneys who is counsel of record for Plaintiff in connection with the Lawsuit, regarding the transition from Plainville Gas operating the landfill gas collection and distribution system at the Landfill ("Gas System") to Plainville Generating doing so. In this regard, the parties agreed that Plainville Gas would continue those operations through August 31, 2005 (notwithstanding the July 27, 2005 date inserted into the assignment document and that Plainville Generating would commence those operations as of September 1, 2005. During the course of our conversations, Mr. Ferrey also repeatedly requested information regarding the operation of the section 29 tax credit program under federal law, indicating that his client and/or its affiliates was interested in taking advantage of that program.

9. I note the following statement at page 8 of the memorandum of law filed by Plaintiff in support of Plaintiff's Motion: "On two separate occasions during August 2005, counsel for Defendants informed counsel for Plaintiffs [sic] that Defendants were going to meet with Plaintiffs [sic] at the Facility during specific weeks in August to provide documents, maps,

information, keys and materials necessary for an orderly transition of Plaintiff or its affiliate into the responsibilities of the gas supplier function being unilaterally suddenly abandoned by Defendant PGP." To the best of my recollection, Mr. Ferrey and I had only one brief discussion regarding documents and other materials that would be needed by Plainville Generating to operate the Gas System upon taking over that operation. During that conversation, I told Mr. Ferrey that I had no personal knowledge of the details of what would be involved in this regard; that Plainville Gas would not remove from the site any of the documents or other items utilized by Plainville Gas in its operations at the Landfill that would be necessary for Plainville Generating's takeover of those operations; that DTE Biomass employee James Van Hoy, who had direct responsibility for managing Plainville Gas's operations at the Landfill, would be traveling to the site to wind up those operations there some time before the end of August; and that Mr. Van Hoy would work out the details with Plainville Generating's personnel.

10. On or about August 23, 2005, Mr. DiGia provided me a copy of the letter of that date directed to him by Henry G. Grilli of Lorusso Corp. ("August 23 Letter") and the Attachment thereto, copies of which constitute Attachment C hereto. I determined that it was not necessary for Mr. DiGia to respond to the August 23 Letter because I anticipated that any necessary transmittal of information in connection with the transition in operation of the Gas System would take place at the upcoming meeting which I described in the preceeding paragraph of this affidavit.

12. To my knowledge, the August 23 Letter is the first and only written request for information, documents, or materials ever made by Lorusso Corp. or Plainville Generating to Plainville Gas or DTE Biomass relating to Lorusso Corporation/ Plainville Generating's takeover of the Gas System.

Further Affiant sayeth not.

_____
David R. Joest

STATE OF MICHIGAN      )
                       ) ss.
COUNTY OF WASHTENAW    )

Subscribed and sworn to before me, a notary public in and of said County and State, this 20th day of October 2005.

BRIDGETT M. MICHALISHYN
Notary Public - Michigan
Livingston County
My Commission Expires Sep 8, 2008
Acting in the County of Washtenaw

_____
Notary Public

My Commission Expires: Sept. 8, 2008



**Plainville Gas Producers, Inc.**
425 S. Main Street, Suite 201
Ann Arbor, MI 48104

July 19, 2005

Gerard C. Lorusso
President
Plainville Generating Company, LLC
3 Belcher Street
Plainville, MA 02762

Re:   Notice of Termination of Gas Purchase Agreement

Dear Mr. Lorusso:

By this notice letter, Plainville Gas Producers, Inc. ("Seller") hereby notifies Lorusso Corporation ("Buyer") that Seller hereby terminates the Restated And Amended Gas Purchase Agreement between Seller and Buyer dated November 18, 2002 ("Gas Purchase Agreement") pursuant to Section 12.2(h) of Article XII of the Gas Purchase Agreement, which termination shall be effective at midnight, August 31, 2005, as the Seller has determined that the Plainville Landfill located in Plainville, Massachusetts ("Landfill") owned by Allied Waste Systems, Inc. ("Owner") has ceased to produce landfill gas, consisting primarily of methane and carbon dioxide that is produced from decomposing refuse within the Landfill ("Landfill Gas"), in such amounts that the Landfill Gas can be extracted from the Landfill by Seller of such quantity and quality that it is economically viable and profitable for Seller to sell the Landfill Gas to Buyer under the terms of the Gas Purchase Agreement.

Although Seller has no obligation to do so under the terms of the Gas Purchase Agreement or otherwise, Seller hereby further notifies Buyer that Seller offers to assign to Buyer Seller's rights in the Plainville Landfill Gas Rights Agreement dated December 18, 1996

KC-1307842-1

Attachment A

between DTE Biomass Energy, Inc. ("DTE Biomass"), formerly known as Biomass Energy Systems, Inc., and Owner, formerly known as Laidlaw Waste Systems, Inc., as amended by the Amendment thereto dated November 1, 2000 ("Gas Rights Agreement"), subject to Buyer assuming all of Seller's obligations to Owner under the provisions of the Gas Rights Agreement, Seller having been assigned all of the rights and obligations of DTE Biomass, provided that Buyer accepts this assignment of rights and obligations by (1) fully executing the Assignment enclosed herein and (2) providing Seller actual notice of such acceptance by delivery to Seller either the original or a copy of said Assignment so that it is received by Seller on or before noon EDT on Friday, July 29, 2005. For the purposes of Buyer's acceptance of this offer by Seller of an assignment of Seller's rights and obligations under the provisions of the Gas Rights Agreement, the delivery of such acceptance as required by this paragraph of this notice letter may be made by U.S. Mail, private courier, facsimile, or e-mail.

By this notice letter, Seller further notifies Buyer that Seller intends to terminate the Gas Rights Agreement pursuant to Article X. C. of that agreement on July 29, 2005 if Buyer does not accept Seller's offer to assign it rights and obligations under the Gas Rights Agreement to Buyer pursuant to and in accordance with the terms and conditions of that offer as set forth in the immediately preceding paragraph of this notice letter.

By this notice letter, Seller further notifies Buyer that Article IV. C. 1. of the Gas Rights Agreement requires Seller or its assigns to pay Owner in advance an annual license and rental fee in the amount of Two Hundred Ten Thousand Dollars ($210,000.00) on or before September 1, 2005 unless Seller or its assigns terminates the Gas Rights Agreement pursuant to Article X. C. of that agreement on or before August 1, 2005. Accordingly, in order for Buyer to maintain the rights of Seller and/or its assigns under the provisions of the Gas Rights Agreement pursuant to

KC-1307842-1

the Assignment offered by Seller to Buyer in the immediately preceding paragraph of the notice letter, Buyer must make the $210,000.00 payment required of Seller or its assigns under the provisions of the Gas Rights Agreement on or before September 1, 2005.

Very truly yours,

Curtis T. Ranger
President, Plainville Gas Producers, Inc.

cc:   Stephen Ferrey, Esquire

## ASSIGNMENT OF GAS RIGHTS

This Assignment of Gas Rights is made effective this 27th day of July, 2005, by Plainville Gas Producers, Inc., a Michigan corporation ("Assignor"), to Lorusso Corporation, a Massachusetts corporation ("Assignee").

WHEREAS Assignor is the holder of certain rights to collect and market Landfill Gas generated within the Plainville Landfill located in Plainville, Massachusetts and owned and operated by Allied Waste Systems, Inc., a Delaware corporation formerly known as Laidlaw Waste Systems, Inc. ("Owner") under that certain First Amendment and Restatement of the Plainville Landfill Gas Rights Agreement between Owner and Assignor's parent, DTE Biomass Energy, Inc., a Michigan corporation formerly known as Biomass Energy Systems, Inc. ("Biomass") and that certain Amendment Dated as of November 1, 2001 to Plainville Landfill Gas Rights Agreement between Owner and Assignor (collectively the "Gas Rights Agreement"); and

WHEREAS Assignor wishes to assign its rights under the Gas Rights Agreement to Assignee without payment of any monetary consideration to Assignor, provided that Assignee assumes and agrees to perform all of Assignor's obligations under the Gas Rights Agreement, which assumption and agreement shall constitute consideration for the assignment;

NOW THEREFORE the Parties agree as follows:

1. All capitalized terms used in this Assignment without being defined herein shall have the meaning assigned to them in the Gas Rights Agreement.

2. Assignor hereby assigns to Assignee all of its right, title and interest under the Gas Rights Agreement and assigns and conveys to Assignee all of its right, title and interest in the Collection System.

3. Assignee accepts the assignment of Assignor's rights under the Gas Rights Agreement, assumes all of the obligations of the Producer thereunder, and agrees to be bound by the terms thereof.

4. Biomass joins in the assignment of rights under the Gas Rights Agreement to the extent of any interest it may have therein.

5. **NEITHER ASSIGNOR NOR BIOMASS MAKE ANY WARRANTY AS TO THE NATURE OR EXTENT OF THE RIGHTS ASSIGNED HEREBY, THE QUANTITY OR QUALITY OF LANDFILL GAS, THE CONDITION OF THE COLLECTION SYSTEM, THE AVAILABILITY OF TAX CREDITS UNDER STATE OR FEDERAL LAW IN CONNECTION WITH THE COLLECTION AND SALE OR USE OF LANDFILL GAS, OR ANY OTHER MATTER RELATING TO THIS ASSIGNMENT.**

Attachment B

6. Assignee undertakes and agrees to indemnify and hold Assignor and Biomass harmless from and against any liability to or claim by Owner arising out of Assignee's failure to perform the Producer's obligations under the Gas Rights Agreement, or any of them, from and after the effective date of this Assignment.

7. This Assignment contains the entire agreement and understanding of the parties hereto with respect to the assignment of rights under the Gas Rights Agreement, superseding any and all prior agreements, understandings, negotiations, representations and discussions.

IN WITNESS WHEREOF, the parties have caused this instrument to be duly executed as of the day and year first written above.

PLAINVILLE GAS PRODUCERS, INC.

By: _____
Printed Name: Curtis T. Ranger
Title: President

LORUSSO CORPORATION

By: _____
Printed Name: Gerard Lorusso
Title: President

REVIEWED
BY: JRJ
LEGAL
08/10/05

DTE BIOMASS ENERGY, INC.

By: _____
Printed Name: Curtis T. Ranger
Title: President

TOTAL P.04

08/23/2005 15:37 FAX                                                                 ☒001/002

**CORPORATE OFFICE**
3 BELCHER STREET
PLAINVILLE, MA 02762
(508) 695-3252
FAX (508) 695-1130



**LORUSSO CORP.**

**CRUSHED STONE**
SAND AND GRAVEL
RECYCLED GRAVEL PRODUCTS
SCREENED LOAM
SCREENED COMPOST
CONSTRUCTION SERVICES

VIA FACSIMILE TRANSMISSION 734.668.1541

August 23, 2005

Mr. Richard M. DiGia, Vice President Operations
Plainville Gas Producers, Inc.
425 South Main St., Suite 201
Ann Arbor, MI 48104

RE: Assignment of Gas Rights Agreements
First Amendment and Restatement of Plainville Landfill Gas Rights Agreement dated December 18, 1996 and Amendment Dated as of November 1, 2000 To Plainville Landfill Gas Rights Agreement

Dear Rick:

Thank you for speaking with me last week regarding the assignment of the above referenced agreements. We hope to have a smooth transition of the assignment and be able to provide Allied with the same information and level of operation that currently exist.

We would appreciate your assistance in obtaining a better understanding of the operations at the site. We have prepared a list of items and clarifications to the current operations and related assets and request your response to those items.

I will contact you in a few days to follow-up on the list and I thank you in advance for your assistance and cooperation in this matter.

Very truly yours,

Henry G. Grilli
Chief Financial Officer

Enclosure.

Attachment C

**PLAINVILLE GAS PRODUCERS**
**LORUSSO CORPORATION**
**ASSIGNMENT OF GAS RIGHTS AGREEMENTS**

The following is a list of the items we would ask you to provide or for which we seek clarification in connection with the orderly transition of the assignment of the Gas Rights Agreements, which consist of the following documents:

1. First Amendment and Restatement of Plainville Landfill Gas Rights Agreement dated December 18, 1996
2. Amendment Dated as of November 1, 2000 To Plainville Landfill Gas Rights Agreement

Items:

1. Additional amendments, modifications or changes to the documents, if any.
2. Documents of the current practices and protocols in place to comply with the Gas Rights Agreements including but not limited to
   a. Reporting of information
   b. Repair & maintenance
   c. Company contact information
   d. Communication and meeting schedules
   e. Other Communication links
   f. Response Protocol Plainville Gas Extraction System Alarm Conditions
   g. Non-routine events
   h. Extraordinary events
3. Copies of all reports submitted to Allied during the period of the Gas Rights Agreements including:
   a. Well conditions and production data
   b. Maintenance reports
   c. Operating reports
4. Copies of all reporting and maintenance logs, files and forms.
5. Separately listed for both the "Original Collection System" and "Second Collection System", detailed definitions and detailed schedules of the equipment, inventory and assets making up:
   a. The collection system
   b. Compressor station
   c. Project Facility
6. Manufacturer and OEM operating and service manuals for all equipment, information systems and assets at the site.
7. All mechanical drawings, electrical schematics and plans for the flare station, collection system and related systems.
8. Contracts in place between you and subcontractors in connection with the execution of the Gas Rights Agreements, which may be assignable to us.
9. List of all equipment and service vendors' names, addresses, phone numbers and contacts.

plainvillegasproducersitemslist.doc